**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 15-08 |
| v. | ) CV 16-249 |
| | ) |
| RANARD LAMAR MITCHELL | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to two Counts of possessing contraband in prison, in violation of 18 U.S.C. § 1791.[1]  On November 23, 2015, he was sentenced to two months of incarceration at each Count, to run concurrently.  Defendant did not take an appeal. On September 19, 2016, he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which is now before the Court.

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)).  A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402,

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on February 2, 2018.

404 (3d Cir. 2004).  Further, I have considered Defendant's submissions in accordance with well-established liberal standards applicable to pro se pleadings.  In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

Defendant argues that the Bureau of Prisons "charged, convicted, and sanctioned" him before the Court disposed of his case.  He attaches documentation showing that on November 4, 2014, the Bureau of Prisons charged him with with possession of a hazardous tool, and possession of narcotics.   Defendant avers that the prison proceeding, taken along with the proceeding in this Court, violated the Double Jeopardy clause of the Fifth Amendment.  Further, he contends, counsel was ineffective for failing to argue as such.

To establish ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984) requires that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and was outside the wide range of professionally competent assistance; and that counsel's deficient performance prejudiced the petitioner.  Under this standard, counsel is not required to raise frivolous arguments.  United States v. Mathis, No. CR 9-339, 2017 U.S. Dist. LEXIS 140261, at *8 (W.D. Pa. Aug. 31, 2017).  It is well settled within this Circuit that "'a prison disciplinary hearing is not a prosecution for Double Jeopardy purposes,' and sanctions imposed as a result of such hearings do not bar criminal prosecution."  United States v. Colon, 246 F. App'x 153, 155 (3d Cir. 2007).  Accordingly, counsel's failure to raise a double jeopardy challenge was not outside the wide range of professionally competent assistance; nor, because of the unlikelihood of success, did that failure prejudice Defendant within the meaning of Strickland.  Defendant's Motion must be denied.

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Defendant has made no such showing here, and no certificate of appealability shall issue.

AND NOW, this 24th day of May, 2018, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court